DAVID A. KNAPP, Appellant, v. J. ROMAINE BROWN impleaded with ANNA M. JACKSON, respondent.

The issuing of an execution upon a judgment rendered in his favor, after bringing an appeal therefrom, is inconsistent with and a waiver of a party's right to prosecute such appeal.

The plaintiff filed a mechanic's lien upon certain premises leased for a term of years to the defendant B. by the defendant J., by which lease the defendant B. covenanted to make certain alterations, which alterations were made by B., and to secure the payment of which this lien was filed. In an action brought to foreclose the lien, the referee gave judgment for the plaintiff against B. and dismissed the complaint as to J.; plaintiff appealed, but after notice of appeal, issued execution against B., and collected the amount of the judgment from him.—*Held*, That by enforcing the judgment he had waived is right to appeal; *held*, further, that the complaint was properly dismissed as to the defendant J.

(Argued February 23d, 1871, and decided March 21st, 1871.)

APPEAL from a judgment of the General Term of the Court of Common Pleas of the city of New York, affirming

a judgment entered upon the report of a referee as to one defendant, and dismissing plaintiff's appeal as to the other.

The respondent, Mrs. Jackson, leased certain property in the city of New York to the defendant Brown, for five years, and afterward for two more. By a provision in the lease, the lessee stipulated to make, at his own expense, certain alterations and improvements in the buildings, which were specified in the lease. The lessee, Brown, contracted with the plaintiff, to make certain alterations, and the plaintiff filed a lien under the mechanics' lien law. Subsequently he commenced an action in New York Common Pleas, to foreclose his lien, making Brown and Mrs. Jackson parties.

The action was referred, and on the trial, after the plaintiff had opened his case, the referee dismissed the complaint as to the defendant Jackson, but without costs.

The trial proceeded as against the other defendant, and a judgment was recovered against him for $966.69, but without costs, except costs before notice of trial, as the defendant, Brown, had offered to allow judgment for $1,020.31 and interest, before notice of trial. The plaintiff appealed to the Common Pleas General Term, but before the hearing, Brown paid the judgment, upon an execution being issued against him. After hearing the appeal, the court affirmed the judgment as to the defendant Jackson, and dismissed the appeal as to the defendant Brown, with costs. The defendant, Brown, made no objection to the payment of the judgment, and accepted the proposed case and served amendments thereto.

*R. S. Guernsey* and *John H. Reynolds*, for the appellants, insisted that the collection of the judgment was not a waiver of the right of appeal. (*Dyett* v. *Pendleton*, 8 Cow., 325; *Clewes* v. *Dickenson*, 8 Cow., 331; *Higbie* v. *Westlake*, 14 N. Y., 281; *Burkard* v. *Babcock*, 27 How., 391.) That defendant's acceptance of case estopped him from objection. (*Law* v. *Graydon*, 14 Abb. P. R., 448; *Persse & B. Paper Works* v. *Willett*, 14 Abb. P. R., 119; *Strong* v. *Strong*, 4

Rob., 621; *Lawrence* v. *Jones,* 15 Abb. P. R., 110; *Burman* v. *Tallman,* 28 How. P. R., 483.) That defendant Jackson was liable. (11 Barb., 9; 5 Selden, 440; 12 Abb., 128; § 1, Laws 1863; Code, § 114; 19 N. Y., 242; 31 N.Y., 285; 1 E. D. Smith, 670.)

*S. F. Cowdrey,* for respondent Jackson.

*Cheney & Dixon,* for respondent Brown.

GROVER, J. The issuing of an execution by the appellant upon the judgment rendered in his favor, and the collection of the amount thereof after bringing an appeal therefrom by him, was inconsistent with and a waiver of his right further to prosecute the appeal. By the former he enforced the judgment as a valid judgment and secured to himself the fruits thereof as such. By the latter he seeks wholly to reverse and annul the judgment for error therein. These acts, it is obvious, are wholly inconsistent, the one with the other, and upon principle, it is clear that the same party cannot pursue both. But it is not necessary to examine the question upon principle, it having been conclusively settled by this court. (*Bennett* v. *Van Sickel,* 18 N. Y., 480.) That was an appeal by a defendant from a judgment containing various provisions, some in his favor and some against him. The defendant, after enforcing the provisions in his own favor, appealed from that part of the judgment which was against him. The court held that inasmuch as the provisions in favor of the defendant were so connected with that part which was against him that the latter could not be reversed without reversing the former, he had waived his right of appeal, and the same was dismissed. In the present case the plaintiff sought by his appeal to reverse the entire judgment after collecting it upon execution issued by him. The counsel for the plaintiff relies upon *Dyett* v. *Pendleton* (8 Cow., 325), and *Clewes* v. *Dickinson* (id., 328). These cases are not analogous to the present. In the former, the defendant,

HAND—VOL. VI.        27

against whom the judgment was rendered, sued out a writ of error thereon to the Court for the Correction of Errors, but not having put in the requisite bail for staying the collection of the judgment, the plaintiff issued an execution, upon which the defendant gave additional security for its payment; thereupon the defendant in error moved for a dismissal of the writ of error. The court denied the motion, holding that the act of the defendant in error in enforcing the judgment was no bar to the right of the plaintiff in error to prosecute his writ. *Clewes* v. *Dickinson* was an appeal by a party from a decree in chancery awarding him a specified sum of money, who had demanded and received payment from the opposite parties and afterward appealed from the decree. A motion to dismiss the appeal was denied by the court. This, at first view, would seem to be an authority favoring the position of the appellant in the present case; but it appears from the opinion of Spencer, Senator, that the appellant did not seek to obtain a reversal of the decree, but its modification, so as to award him a larger sum. It thus appears that in any event he was entitled to retain the sum received, and that the only question that could arise upon the appeal was whether he was not entitled to recover more. Hence his act in demanding and receiving payment of the judgment was not inconsistent with his appeal. The act of the respondent in proposing amendments to the case after the bringing of the appeal did not waive his right to move for its dismissal. He was at liberty to have the case prepared by the plaintiff made conformable to the truth, and not obliged to take the chance of having the case decided upon an incorrect statement should the court refuse to dismiss the appeal. There is nothing before the court showing what items of costs were allowed to the respondent upon the adjustment or any objection of the appellant in respect thereto in the court below. There is, therefore, no question here in relation to the allowance of costs. The order dismissing the appeal as to the respondent Brown must be affirmed with costs. This disposes of the plaintiff's right of recovery as to

both respondents, as it is clear that he can recover, in no event, of Mrs. Jackson any amount beyond the liability of Brown to him. But the plaintiff insists that if the complaint was erroneously dismissed by the referee as to Mrs. Jackson, he was prejudiced in failing to recover costs against her. In this position he is correct. The question as to her liability must, therefore, be examined. From the facts found it appears that Mrs. Jackson was the owner of the premises and leased the same to Brown for a term of years at a specified rent, and that the latter, in addition to the payment of the rent, covenanted with her to make at his own expense certain specified repairs to and altering of the building upon the premises, which were to be left upon the premises by him at the expiration of the term; that Brown employed the plaintiff to furnish the materials for and do the work upon the repairs and alterations. Section 1 of the act of 1863 (p. 859) provides that any person who shall thereafter as contractor, etc., in pursuance of, or in conformity with the terms of any contract with, or employment by the owner, or by, or in accordance with the directions of the owner, or his agent, perform any labor or furnish any materials toward the erection of, or in altering or repairing of any building or buildings in the city of New York, on complying with the sixth section of the act, shall have a lien for the value of such labor and materials upon the house and appurtenances and lot upon which the same shall stand, to the full value of such claim or demand, to the extent of the right, title and interest then existing of the owner of said premises. Mrs. Jackson was the owner of the reversion of the premises and would be entitled to the possession of the same upon the expiration of the term of Brown. By the construction of this section no lien can be created upon the interest of any person as owner of the premises except such person shall either himself or by his agent enter into a contract for doing the work, either express or implied, as the lien is only authorized as against owners so contracting for or employing persons to do the work. That this is the true construction is manifest, not only by the lan-

guage of the section, but by section 14 of the act. The latter section provides that for the purposes of the act, any person or persons who may have sold or disposed of his or their lands upon an executory contract of purchase contingent upon the erection of buildings thereon, shall be deemed the owner and his vendee the contractor, and said owner shall in all respects be subject to the provisions of the act. This provision was necessary to secure to material men and others to whom such vendor might become indebted in the construction of such buildings the benefit of a lien upon the land; but it would have been unnecessary for this purpose, had the interest of the vendee been subject to the lien created by the act to such persons by virtue of the first section. Section 9 of the act leads to the same conclusion. That section provides that the contractor shall be personally liable to the lienor for the whole amount of his indebtedness, and the owner to the extent of the amount due by him to his contractor. This, although confined to the personal liability of the parties, shows that to authorize the lien there must be an employment by the owner to create any liability against him under the act. In the present case there was no employment of the plaintiffs by Mrs. Jackson. She was in no respect indebted to Brown for or on account of the work. She had conveyed to him an interest in the land in part for the consideration of his doing the work. He alone employed the plaintiff to do the work. He was the owner within the act, and his interest in the premises only is made subject to a lien by the act. This is no hardship upon the plaintiff. He, before entering into the contract, could readily have ascertained the extent of Brown's interest in the premises, and consequently the adequacy of the lien as security. Mrs. Jackson did not appeal from the judgment entered upon the report of the referee. The court could not, therefore, consider the question whether the referee ought not to have awarded her costs upon the dismissal of the complaint as to her, nor is that question before this court. The judgment affirming the judgment dismissing the complaint as to Mrs. Jackson must be affirmed with costs.

All the judges concurring, ordered accordingly.
ANDREWS, J., took no part.