GEORGE R. ALEXANDER, Appellant, *v.* SAMUEL E. ALEX-
ANDER, Respondent.

*Court of Appeals, January* 18, 1887.

Reversing same case, 41 Hun, Mem.; 1 N. Y. St. Rep. 510.

*Appeal. Waiver*—A party, who after bringing an appeal, accepts the
benefit of the judgment appealed from, thereby waives his appeal,
and an order of the general term, denying a motion to dismiss the
appeal, to that court, will in such case be reversed.

See note at end of case.

*Josiah T. Marion,* for appellant,

*Nathaniel C. Moak* and *David F. Manning,* for respondent,

FINCH, J.—The motion to dismiss this appeal is founded
upon the fact that the appellant, who was defendant in an
action of partition, and by the judgment rendered was
awarded a proportion of the proceeds resulting from a sale
ordered by the court, accepted those proceeds after his ap-
peal was perfected, and took also the costs allowed to him
by the judgment. His notice of appeal was served March
13, 1886, and the referee appointed to make the sale, swears
that he paid the share awarded to the defendant by two
checks, dated respectively the seventeenth and twenty-
fourth of the following April, both of which have been paid
by the bank upon the defendant's indorsement. It is not
denied that he could not be permitted at the same time to take
the fruit of the judgment, and appeal from it as erroneous
or wrong; but it is contended in the present case that no
such inconsistency exists, because the whole controversy
concerns a fund other than the residue, a share of which the

defendant accepted; or, in substance, that what the defendant took he would be entitled to retain in any conceivable disposition of the case. Clowes v. Dickenson, 8 Cow. 328; in Knapp v. Brown, 45 N. Y. 207. We are not able to concur in a view of the situation which would make those authorities applicable. The litigation involved a question of advancements. The court found that $57,500 had been advanced to the defendant, and $15,000 to the plaintiff, and awarded to the latter the difference of $42,500, to be first paid out of the proceeds of sale for equality of partition dividing the residue equally between the two parties. The defendant's notice of appeal is from the interlocutory and the final judgment, and not from any alleged separable or independent portion which left the rest unaffected and unassailed. So far as the division of proceeds is concerned, we cannot discover any such separable or independent portion to which the appeal could have been limited. The amount of residue must necessarily depend upon the amount of the advancements adjudged to have been made. Those to the defendant are alleged in the complaint to have consisted of certain parcels of real estate, the value of which is not stated, and which value necessarily became the subject of proof. If the judgment should be reversed, the plaintiff, on a new trial, will be at liberty to show, and may possibly establish, that such value was greater than the $57,500, or that the advancements to himself were less than the $15,000 and in either event the sum first payable to him from the proceeds would be increased, and, as a consequence, defendant's share of the residue lessened. He stands thus in the attitude of holding the fruit of the judgment to which he may not be entitled if his appeal succeeds, and yet persisting in his appeal. The trouble is that he cannot gain the right to recover more without incurring the hazard of recovering less.

But it is further insisted that he took his share of the residue with the plaintiff's consent and under an arrangement

which nevertheless contemplated the prosecution of the appeal. The proof of this is sought to be deduced from an affidavit of the defendant's attorney. He swears that, just before the entry of judgment, he declared his client's purpose to appeal, and thereupon, the plaintiff's attorney expressing a desire not to have proceedings stayed, and to be at liberty to collect and receive the sum awarded, it was finally agreed that he might do so upon assigning to the referee in trust a mortgage as security for any restitution which might be ordered. That assignment and a covenant of restitution were executed April 1, 1886, and after the appeal had been taken. The affidavit further showed that the plaintiffs' attorney frequently said that there was no need of tying up the proceeds of the sale, but that a speedy sale and distribution were desirable. It is to be noticed that the affidavit asserts no negotiations except as to the right of the plaintiff to get his money, and to prevent a stay, which would hinder that result, and does not claim that anything was said, or any agreement made, relating to the share awarded to the defendant. It shows only that the plaintiff wanted his money ; that he could not get it if the defendant on his appeal effected a stay of proceedings ; that security was given to obviate the need of that stay ; and what was said about not tying up proceeds and expediting the appeal naturally referred to that negotiation, and related to that effort. The defendant's silence as to his own share is made more emphatic by the affidavit of the plaintiff's attorney that he never uttered a word about defendant's treatment of the residue awarded to him, or in any manner recognized the appeal after that share was accepted. It is not possible to infer a consent or waiver. The defendant does not claim that his act was inadvertent, and without consciousness of the question it might raise. If he did that, and offered to restore the money received to its official custodian pending the appeal, the question would assume a more hopeful shape. But he stood and stands here upon his right. While we

cannot help thinking that some misunderstanding has existed, and should be glad to sustain the appeal taken, we can find no just ground upon which to rest such a decision.

The order of the general term should be reversed, and the appeal dismissed, with costs.

All concur.

### NOTE ON WAIVER OF THE RIGHT OF APPEAL.

The right to appeal, before an appeal is taken, and the appeal, after it is taken, may be waived, by the appellant, by his acts as well as by his stipulation. What has been held to amount to such waiver by the appellate courts will be seen by an examination of the comments on the authorities cited in this note.

*Waiver by accepting a benefit.*—In Grunberg v. Blumenthal, 66 How. 62, it was held to be the settled rule of practice that, if a party proceeds under an order, or accepts any benefit thereunder, it is a waiver on his part of the right of appeal; and if, after taking an appeal, he proceeds under the order appealed from, or accepts any benefit thereunder, he in like manner waives his appeal. He must be consistent and stand by the position he elects to take. He must rely upon his appeal, or abandon his right to it and act under the order, but he cannot do both. He is not permitted to test the accuracy of the order by an appeal, and at the same time accept any benefit which the order confers. If he seeks by appeal to reverse the order of the court, he must, in case he succeeds, leave the adverse party in the same position he was when the order appealed from was made; and if, by any affirmative act of his, the position of the adverse party has been changed he cannot insist upon an appeal from the order previously made. See Brady v. Donnelly, 1 N. Y. 126; Noble v. Prescott, 4 E. D. S. 139; Ubsdell v. Root, 3 Abb. 149; Clark v. Meiggs, 10. Bosw. 337; Radway v. Graham, 4 Abb. 468; Lapton v. Jewett, 19 Id. 320; Lewis v. Irving Ins. Co., Id. 140, note; Marvin v. Marvin, 11 Abb. N. S. 97; Platz v. City of Cohoes, 8 Abb. N. C. 392.

In Cornell v. Donovan, N. Y. C. P., December 5, 1887, it was held that if an appellant seeks to reverse a judgment, he must abstain from enforcing those parts of it that are in his favor, if they are so connected with, or so dependent upon, the parts that he assails that they ought all to stand or fall together. See McNamara v. The Canada Steam Ship Co., 11 Daly, 297; Knapp v. Brown, 45 N. Y. 210; Barker v. White, 58 Id. 211; Matter of the N. Y. C. R. R. Co., 60 Id. 117.

In Murphy v. Spaulding, 46 N. Y. 556, plaintiff in an action upon a