### JONES *v.* MANNING *et ux.*

#### (*Supreme Court, General Term, Fifth Department.* June, 1889.)

1. MECHANICS' LIENS—PROPERTY SUBJECT TO—LEASEHOLD.
     Laws N. Y. 1875, c. 233, provides that any person who shall perform any labor in repairing a building, or furnish material therefor, with the consent of the owner, as therein described, shall have a lien, on filing the prescribed notice, for the value of the labor and material, upon such building, and the premises upon which it stands, to the extent of the right, title, and interest of the owner of the property, whether owner in fee or of a less estate, or whether a lessee for a term of years. *Held* that, where the repairs are made under a contract with the lessee alone, his interest only is subject to the lien, as the lessee for a term of years is an owner, within the meaning of that statute.

2. SAME.
     The facts that the owner in fee knows that repairs are being made by the lessee, and consents thereto, do not subject his interest to the lien, as he does not thereby become a party to the contract.

3. SAME—RIGHTS OF GRANTEE.
     A grantee of the fee, subject to all existing liens and incumbrances thereon, who purchases after the notice is filed to subject the lease to the lien, does not become obligated to pay the debt, nor is he estopped from disputing the claim that a lien was placed on the fee.

**4. SAME—MERGER.**
　　The grantee of the fee, subject to existing liens, conveyed a portion to the lessee, who reconveyed it to the grantee, without reserving any right to himself. *Held,* that the conveyance would *not operate as* a merger of the estates so as to destroy the lien, if one was created on the leasehold estate.

**5. SAME—PROCEEDINGS TO PERFECT—NOTICE.**
　　Sections 4 and 5 of the statute provide that the notice shall state the amount of the claim, the names of the owners or parties in interest, and the name of the person against whom the claim is made.　The notice, as filed, stated that plaintiff had a claim against the lessors for repairs made in pursuance of an agreement made with the lessee, and that the said lessors were the owners, possessors, and occupants and that plaintiff claimed a lien on the building and lot. *Held,* that the notice was insufficient to create a lien on the estate of the lessee.

　　Appeal from special term, Niagara county.

　　An appeal from a judgment in an action to foreclose a mechanic's lien. The notice was filed in the Niagara county clerk's office on the 6th day of September, 1884, and the amount claimed to be due the plaintiff, as stated therein, was $79.09, for work and labor and materials supplied by the plaintiff.　At the time the work and labor was performed and the notice filed the title to the fee in the land was in Frederick Krapp and Elizabeth Smith, as tenants in common, but the possession was in William R. Crumb under a lease from the said owners which expired four years and six months after the work and labor was performed.　There was a hotel building upon the premises called the "Monteagle," and the work and labor and material supplied was in painting the hotel under a contract by and between the plaintiff and the tenant.　After said notice was filed, and before the commencement of this action, the defendant John B. Manning became the sole owner, by purchase, of the premises, and Crumb, the tenant, joined in one of the conveyances, and the deeds in terms were made subject to all mechanics' liens filed subsequent to November 15, 1883, and also to a certain mortgage which was a lien upon the entire premises.　The referee found, as conclusions of law, that as the defendant Krapp consented to the making of the repairs on the building, the plaintiff, by filing and docketing said lien, acquired, and now has, a good and perfect valid mechanic's lien on all the right, title, and interest which Krapp had in the premises at the time of the filing of the notice; and that, by the conveyance of the interest of Crumb, Smith, and Krapp to the defendant John B. Manning, the plaintiff acquired a good and valid lien on all the right, title, and interest which the defendant John B. Manning acquired by the said conveyances; and that the plaintiff was entitled to judgment against the defendants, John B. Manning and Elizabeth Manning, his wife, barring and foreclosing them of all interest and equity of redemption in and to the said premises, and for a sale of all their right, title, and interest in and to the premises; and that John B. Manning was liable for any deficiency which might remain unpaid after applying the proceeds of sale.　The judgment entered upon the referee's report is in substantial compliance with the conclusions of law as found by the referee, except that the defendant Manning is not required to pay the deficiency, if any should exist on the sale.　The defendant John B. Manning and his wife, Elizabeth, appeal from the judgment.

　　Argued before BARKER, P. J., and DWIGHT and ADAMS, JJ.

　　*Horatio N. Griffith,* for appellants.　*Charles W. Johnson,* for respondent.

　　BARKER, P. J.　The primary question presented by this appeal is, did the plaintiff acquire a lien upon the fee of the land, or was it limited to a leasehold estate as it existed at the time the notice was filed?　The statute in force at that time is found in chapter 233, Laws 1875, amendatory of prior enactments relative to the same subject.　It provides that any person who shall perform any labor in erecting or preparing any building, or who shall furnish any material therefor with the consent of the owner, being such owner as

therein described, shall have a lien on filing the notice prescribed, for the value of such labor and material, upon such house or building, and upon the premises upon which the same shall.stand, to the extent of the right, title, and interest of the owner of the property, whether owner in fee or of a less estate, or whether a lessee for a term of years, or vendee in possession under a contract existing at the time of filing of notice, or any right, title, or interest in real estate against which an execution at law may now be issued, under the general provisions of the statutes in force in this state relating to liens of judgments, or enforcements thereof. When the notice was filed in this case there were two separate and distinct estates existing in the lands, to-wit, the leasehold estate, and the estate in remainder. Upon either of these estates a lien might have been created for repairing or improving any building standing thereon, with the consent of the owner of either of those estates, but neither could by his own act incumber by a mechanic's lien the estate of the other. The statute has defined who may be considered as an owner of the premises for the purpose of carrying out its provisions, and includes owners of the fee, lessees, and also vendees in possession under a contract of purchase. In short, the statute, by its terms and policy, creates a lien in favor of laborers and material-men upon the estate of any·owner who has contracted with them for improving the premises. If the land is owned in fee by one person, and a building standing thereon is improved by another, who is a lessee thereof for a term of years, it is only the title of the latter which can be affected by the lien. It is unnecessary to consider the question on principle, it having been conclusively settled by the courts in this state that an owner of an estate in land, less than the fee, cannot place a lien upon the fee without authority and consent of the owner thereof. In *Knapp* v. *Brown*, 45 N. Y. 207, the court had under consideration an act which provided that any person who should, as contractors, in pursuance of or in conformity with the terms of any contract with or employment by the owner, or by or in accordance with the direction of the owner or his agent, perform any labor or furnish any material towards the erection of or in altering or repairing any building or buildings, should have a lien for the value of such labor and materials upon the house and appurtenances, and upon which the same shall stand, to the full value of such claim or demand, to the extent of the right, title, and interest then existing of the owner of the premises. Laws 1863, c. 500. In that case it appeared that the owner of the fee leased the same for a term of years for a specified rent, and the tenant covenanted, in addition to paying the money rent, to make, at his ·own expense, certain specified repairs on the building standing upon the premises, which were to be left upon the premises by him at the expiration of the term; and the tenant employed the plaintiff to furnish the material for and to do the work upon the repairs and alterations, the tenant having contracted with the plaintiff to make the repairs and furnish the material; and, failing to pay therefor at the time agreed upon, the contractor filed a notice, as required by the statute, and sought to acquire a lien on the title of the lessor; and it was held that the lien was limited to the title of the lessee; that by a proper construction of the statute no lien could be created upon the interest of any person as owner of the premises, unless such owner should, either by himself or his agent, enter into a contract for doing the work, as the lien is only authorized against owners so contracting for or employing persons to do the work. See also, *Muldoon* v. *Pitt*, 54 N. Y. 269; *Ombony* v. *Jones*, 19 N. Y. 239. In the case before us the plaintiff contracted with the defendant Crumb, the tenant in possession, to make repairs upon the buildings, who alone agreed to pay for the same; and he being an owner within the meaning of the statute, his interest only was made subject to the lien. There was no employment of the plaintiff by the owners of the fee, and they never became indebted to him in any manner for the work and labor which he performed.

The referee has found, as a fact, that during the performance of the work and the furnishing of the material Frederick Krapp, one of the lessors, was present on different occasions while the repairs were being made, and conversed with the plaintiff, and consented thereto. Upon this finding it cannot be held, as matter of law, that Krapp became a party to the contract, or in any manner indebted to the plaintiff for making the repairs upon the hotel property. No lien can be created upon the interest of any owner, except when he has entered into a contract, either express or implied, to pay for the work and labor. *Knapp* v. *Brown, supra.* The mere consent of the owners of the fee that his tenant for a term of years may improve the premises by erecting buildings thereon, or repairing those already constructed, does not obligate him, either legally or morally, to pay for the same. The tenant had the right to make the repairs without the consent of his lessors, and it is absurd to claim that the approval of the act of their tenant in this respect amounted to a consent on their part that their title might be charged with the cost of the repairs, if the tenant failed to keep his promise to pay the contractor therefor. In *Knapp* v. *Brown, supra,* it was one of the express terms of the lease that the tenant should make certain specified repairs and improvements as one of the considerations for making the lease, and the court held that this did not subject the lessor's title to a lien in favor of the contractor who made the repairs.

The defendant Manning purchased the fee during the life of the lease, and after the notice was filed, subject to the lease, and to all mechanics' liens existing thereon. Afterwards Manning conveyed an undivided one-third part to the defendant Crumb, who, before the commencement of this action, reconveyed all his interest in the lands to the defendant Manning, without reserve of any interest in himself. As to all the parties now interested in the premises, except the plaintiff, the leasehold estate, by operation of these conveyances, became merged in the fee; but as to him the leasehold estate continues, for the purpose of protecting his lien, if it appears, on examination, any ever existed affecting the leasehold estate. The defendant Manning, in purchasing the premises subject to the liens which existed thereon, did not become obligated to pay the debt secured thereby, nor is he estopped from disputing the plaintiff's claim that a lien was placed on the fee by filing a notice. He may also, as he does, insist that the notice was defective, and not in compliance with the provisions of the statute, and for that reason there was never a lien upon the leasehold estate. The statute requires (sections 4 and 5) that the notice shall state the amount of the debt or claim, and the name of the owners or parties in interest, and the name of the person against whom the claim is made, and the amount thereof; and upon the trial to foreclose a lien the plaintiff must produce evidence to establish the value of the labor and materials, and that the same was performed for or used by the party in interest, as stated in the notice. In the notice filed it is stated by the plaintiff that he had a claim in his favor against Frederick and Elizabeth Smith for work, labor, and services rendered, and materials furnished, in the erection, altering, and repairing the Monteagle Hotel, and the bath-house connected therewith, in pursuance of an agreement made with William R. Crumb, tenant of the premises, and that the said Krapp and Smith are the owners, possessors, and occupants of said building, and that he claims a lien upon the building, appurtenances, and the lot of land upon which the same stands, as security for the amount due, in pursuance of the statutes in such case made and provided. The proof shows and the referee has found that the contract was made with Crumb, and that neither Krapp nor Smith was liable to him; and it is manifest that the notice was framed to reach their interests, without any attempt to comply with the statute, so as to create a lien upon the estate of Crumb in the premises. To create a lien there must be substantial compliance with the statute. There is no statement in the notice that the claim was made against Crumb, or that he was indebted to the plaintiff, nor any-

thing to indicate that he was seeking to place a lien upon Crumb's interest in the premises. The lien claimed by the plaintiff depends solely upon the statute for its validity, and its requirements must be observed, or no lien is created. For these reasons we are of the opinion that a lien was never placed upon the leasehold estate; and, secondly, the plaintiff is not entitled to any relief, and the complaint should have been dismissed. Judgment reversed, with costs. All concur.