### RIGGS *v.* CHAPIN *et al.*, (three cases.)

*(City Court of New York, General Term.* December 2, 1889.)

1. PLEADING—PLEADING AND PROOF—VARIANCE.

Where the complaint avers that defendant M. contracted to build a house for defendant C., and plaintiff subcontracted with M. to do the work, plaintiff cannot prove a contract between himself and C.

2. SAME—AMENDMENT—DISCRETION OF COURT.

　　It is in the discretion of the court to grant leave to amend a complaint on trial.

3. MECHANICS' LIENS—RIGHTS OF SUBCONTRACTORS.

　　Under Laws N. Y. 1885, c. 342, § 1, giving a lien to persons doing work on, or furnishing material for, a building, with the consent of the owner, but providing that the owner shall not be liable, by reason of the liens filed, to pay more than the amount agreed on in the contract, and remaining unpaid at the time of filing the lien, a subcontractor need not show the consent of the owner directly to himself; but, in the absence of an agreement by the owner making himself personally liable for the claim of the subcontractor, the latter has a claim against the property no further than the amount unpaid on the contract at the time of filing his lien.

4. JUDGMENT—CORRECTION—DISMISSAL.

　　Where an action is dismissed on technical grounds, a recital in the judgment that the dismissal was on the merits will be stricken out.

Appeal from special term.

Action by John Riggs against James M. Chapin, Frederick R. Meres, and others to foreclose a mechanic's lien filed by plaintiff against property owned by defendant Chapin. The complaint alleges that Chapin made a contract with defendant Meres whereby the latter was to build the stairs in said house, and furnish lumber and material therefor, to be paid for in installments, as the work progressed; and that Meres made a subcontract with plaintiff to do said work, and certain extra framing, for $200, to be paid in two installments. The complaint alleged that Chapin, the owner, "well knew" the facts stated; and that there was due from him to the contractor more than sufficient to satisfy plaintiff's lien. On the trial, plaintiff undertook to prove a contract between himself and Chapin, whereby the latter agreed to pay plaintiff for the work done. The trial judge ruled that the proof offered was not receivable under the pleadings, and that plaintiff was bound to prove the facts as alleged, to-wit, that Meres performed his contract with Chapin; that the latter owed Meres more than the amount of plaintiff's lien, and dismissed the complaint. From the judgment entered on this dismissal, plaintiff appeals.

Argued before McADAM, C. J., and HOLME, J.

*W. P. Prentice,* for appellant. *A. D. Kenyon,* for respondent Chapin. *Tuttle, Goodell & Brooks,* for respondent Meres.

McADAM, C. J. It is a settled rule that the *allegata* and *probata* must agree. The latter must support the former. In other words, the plaintiff must prove his case as he has alleged it. *Cumiskey* v. *Lewis,* 15 N. Y. St. Rep. 364. The object of the pleadings is to arrive at a specific issue upon a given and material fact. If there be proofs to facts not put in contestation by the pleadings, or allegations of facts not established by proofs, in each case they must be rejected. *The Sarah Ann,* 2 Sum. 206. Every fact which a party must prove to establish his cause of action or defense must be stated in the pleading, (*Gurnee* v. *Beach,* 40 Hun, 108;) and facts which are not alleged cannot be proved, (*McKyring* v. *Bull,* 16 N. Y. 297.) The rule touching the statement of facts constituting the cause of action is the same in all cases, legal or equitable; and the rules by which the sufficiency of the pleadings are to be determined are prescribed by the Code. *People* v. *Ryder,* 12 N. Y. 438; Pom. Rem. § 527. *Kelsey* v. *Western,* 2 N. Y. 501, was an equity case, and the court (at page 506) held: "It is well settled that no proofs can be offered of facts not put in issue by the pleadings, nor can relief be granted for matters not charged, although they may be apparent from other parts of the pleadings and evidence, and therefore particular care must be taken to put in issue in the bill whatever is intended to be proved by the complainant in the cause; otherwise, he will not be permitted to give it in evidence, for the court pronounces the decree *secundum allegata et probata.* The reason of which is that the adverse party may be apprised against what suggestion he is to prepare his defense." The rule of pleading is practically the same whether the action be in its nature of legal or equitable cognizance, except

that in an equity case the facts may be more numerous, more complicated, more involved; and the pleader may state all the facts, in a legal and concise form, which constitute the cause of action and entitle him to relief. The rule touching the statement of facts constituting the cause of action is the same in all cases, and the rules by which the sufficiency of the pleadings are to be determined are prescribed by the Code. *People* v. *Ryder, supra.* One of the material requirements of a complaint to foreclose a mechanic's lien is an allegation of the contract under which the labor or material were furnished, or facts which amount to a contract, The plaintiff, in his complaint, undertook to comply with this requirement by specifically alleging—*First,* a contract between the plaintiff, as subcontractor, and Meres, the contractor; and, *next,* a contract between the latter and Chapin, the owner; and the lien is sought to be enforced on the theory that the owner owed the contractor an amount exceeding that claimed by the subcontractor. These allegations were denied, and the issues so raised came on for trial. Instead of proving the facts as alleged, the contract between Meres, the contractor, and Chapin, the owner, was not offered in evidence. Indeed, the plaintiff undertook to ignore it, by attempting to prove a contract between the plaintiff and Chapin, the owner, by which the latter was to pay the plaintiff for his work and material. The trial judge refused to receive the evidence offered; there being nothing in the complaint warranting its reception. This ruling was proper; and, the plaintiff having failed to sustain the allegations of his pleading in manner and form as alleged, the dismissal of his complaint was not error. A party cannot be called into court to defend upon a cause of action particularly specified, and be required upon the trial to answer another, entirely different, for which he is unprepared. Pleadings are to be so drawn as to evolve some question, either of fact or law, disputed between the parties, and mutually proposed and accepted by them as the subject for decision; and the question so produced is called the "issue." Tyler, Steph. Pl. 147. The pleadings herein clearly defined the issue the court below was called upon to determine, yet no proof was offered in its support.

The plaintiff moved to amend his complaint by alleging an agreement on the part of the owner to pay for the work done. The amendment proposed was not of form, but of substance, as it changed the entire nature of the action and proofs. Its purpose was to drop Meres, the contractor, as the debtor, and to substitute in his place Chapin, the owner, as the one primarily liable to him, as an original promisor. Such an amendment might have been permitted on terms or conditions that would not have operated to the prejudice of the defendants, or taken them by surprise. But the trial judge was under no obligation to allow an amendment, even in an equity case. An application for leave to amend a pleading is addressed purely to the discretion of the trial judge, and his denial of it is not reviewable on appeal. *Rosenwald* v. *Hammerstein,* 12 Daly, 377. It is needless to discuss what we might have done at trial term under similar circumstances. The question we are to determine is whether the judge below erred,—in other words, whether he acted contrary to his duty,—and the record does not warrant us in deciding that he acted in violation of law. Pleadings are at times amended on appeal, but only to uphold a judgment; never to reverse one.

This leads us to the construction of the statute conferring the right of lien in favor of mechanics and others doing work or furnishing materials towards the erection or alteration of buildings in this city. The term "with the consent of the owner," contained in section 1, c. 342, Act 1885, must be construed with reference to its obvious intent and meaning. It was not intended to make the owner pay twice,—first to the contractor, and next to the employes of the latter. If, however, a stranger employs a contractor "with the consent of the owner," expressed or implied, the property of the owner will be liable for the claim of the person employed; for the reason that the land, having re-

ceived the benefit of the labor or material, with the expressed or implied assent of the owner, should be charged to the extent of the benefit conferred thereon. Thus, in *Nellis* v. *Bellinger*, 6 Hun, 560, a son employed a mechanic to erect a dwelling-house upon land which belonged to his father, for his own use and benefit. It was shown that the father consented to the erection of the house, and, while he did not contract for the work, or direct it, or in any way become responsible for it, personally, it was held that the mechanic had a lien upon the land for services rendered in the construction of the house. In *Husted* v. *Mathes*, 77 N. Y. 388, the title to the land was in Mrs. Storms, and the improvements thereon were made by her husband, she simply knowing of them, and consenting thereto; and the right of lien was enforced. These decisions proceed upon the theory that "the legislature clearly intended to enforce the equitable principle that one who knowingly takes the benefit of the property or labor of another, in the form of improvements made upon his land, ought to have the land subjected to a lien for the value thereof." Not to charge the land, in such a case, would enable the owner of the fee to appropriate the labor and materials of others to his own benefit, without compensation. This would be manifestly unjust and inequitable. But where an owner employs a contractor, and pays him all he contracted to pay, not in advance, but as the work progressed, not collusively, but in good faith, he cannot be again compelled to pay, simply because the contractor subsequently fails to pay those he employed. The contractor has the right to employ assistants "without the consent of the owner." The nature of the work would imply that he must. These employes are selected by, and are under the exclusive control of, the contractor, who makes his own contracts with them, and superintends their performance. Mechanics are not obliged to accept employment under him, neither are material-men bound to credit him; and, if they do, they must look to his personal credit, or see to it that their notices of lien are filed in time to stop the payments coming from the owner to the contractor according to the terms of the contract, or their effort to acquire a lien on the property may prove abortive. A person who leases property and employs mechanics to do work upon it, to suit his pleasure or convenience, cannot charge the estate of the owner for the work. *Knapp* v. *Brown*, 45 N. Y. 207; *Muldoon* v. *Pitt*, 54 N. Y. 269; *Jones* v. *Manning*, 6 N. Y. Supp. 338. In other words, in order to affect the estate of the owner, he must in some manner consent, either expressly or impliedly, to the charge; for neither he nor his property can be charged contrary to his agreement, and against his will. In *Otis* v. *Dodd*, 90 N. Y. 336, owners of certain lands leased the same for a term of years; the lessees covenanting to erect certain buildings and structures thereon, which, at the expiration of the lease, should become the property of the owners. The plaintiff, under a contract with the lessee, erected the buildings and structures specified, and filed the notice required to effect a lien; and it was held that he thereby acquired a valid lien, as against the owners, for the balance due. In that case the erections became part of the freehold as soon as they were made. They were to belong to the owners of the fee. The owners paid nothing for the erections, which, by the terms of the lease, were made by their express consent. They superintended the erections, and gave directions concerning them. The property thus benefited and improved was, under the circumstances, equitably charged with the lien. This seems just; and the principle decided in that case cannot be extended to an owner who contracts for the erection of a building, and in good faith pays for it according to the terms of the contract of employment. Whenever an owner contracts with another to build a house on his land, he consents to the erection; but such consent does not necessarily obligate him to pay subcontractors, not in privity with him, the amount of their demands. The owner's liability proceeds from his consent, as expressed in and evidenced by his contracts. He is to pay according to their terms, not otherwise. True, the pay-

ments falling due to the contractor may be impounded by the filing of a lien by a mechanic or material-man, and may, by operation of provisions of the statute, be applied to discharging such liens; but no personal responsibility is placed upon the owner, further than that created by his contract. He may by subsequent acts create personal obligations to subcontractors, but not in the absence of an agreement with them, expressed or implied, whereby the owner makes the charge personal to himself. The case of *Richardson* v. *Reid*, 3 N. Y. Supp. 224, is of this character. There the contractor negotiated with the plaintiff for a furnace and range, when the owner stopped the negotiation, saying there was money in his hands belonging to the contractor; that he desired a larger and more expensive furnace put in his house; and that if the plaintiff would put the furnace in, he (the owner) would pay the bill therefor. The owner in that case became an original promisor, and was properly held personally liable for the price of the furnace; and a lien filed against his property was held to be valid. The complaint in the case cited, although more comprehensive than the one used here, was inartistically drawn; but the court said. It "seems to be sufficient to sustain the judgment." If the evidence offered had been objected to and ruled out, as not being in accordance with the pleading, or the objection had been made that the complaint itself was insufficient to charge the owner personally, and the objection had been sustained, and the complaint, in consequence, dismissed, the court might have held, as we do here, that the ruling and decision were not error. The questions presented here were not discussed there, and could hardly have been presented in that case, in view of the result at which the trial court arrived. The complaint in the present case was drawn in accordance with our understanding of the statute. It presented a case in which a lien would attach against the property of the owner to the extent of the amount due from the latter to Meres, the contractor. The difficulty is that these facts were not proved; and, for the failure to establish them, the complaint was properly dismissed. The trial judge found that the owner had no contract with Meres; but this finding was not made upon proof, but upon the absence of it. The counsel for Chapin claims that the contract was not made with Meres, but with another person, not a party to the action; but this is of no consequence, because, as the plaintiff failed to prove his cause of action within its entire scope and meaning, the owner was not called upon to make his defense; and we cannot anticipate what he might have pleaded if the plaintiff had changed the allegations of his pleading, or what he would have proved if he had been put upon his defense.

The dismissal was upon technical grounds, not on the merits, and does not bar the plaintiff from maintaining a new action against his employer, whoever he may be. Code, § 1209. The declaration in the judgment that the dismissal was "upon the merits" was either erroneously or inadvertently inserted therein, and must be stricken out. With this modification, the judgment must be affirmed, but without costs.