### KEALEY et al. v. MURRAY et al.

*(Supreme Court, General Term, Fourth Department.　July, 1891.)*

**1. MECHANIC'S LIEN—NOTICE—NAME OF OWNER.**
　　In an action to foreclose a mechanic's lien, it appeared that one C. was in possession of the lot on which the work giving rise to the lien was done, under a contract with defendant by which she was to pay for the lot in monthly payments, and on default of any payment defendant might declare the contract void, and C. should forfeit all payments made by her. C. entered into a contract with one Q. for the building of a house on the lot, and plaintiffs did certain work under a subcontract. Afterwards C. defaulted in paying the purchase money. The notice of lien stated that plaintiffs had a claim against the contractor for a certain amount on account of certain work done on and material furnished for the house; that C. was the possessor of the premises under a contract with defendant, "who is the owner of said building and appurtenances, and the lands and premises on which the same stands, subject to such contract;" and that plaintiffs have and claim a lien thereon to a certain amount. *Held,* that such notice was sufficient, under Laws N. Y. 1885, c. 342, § 4, which provides that "the name of the owner * * * of the premises, against whose interest a lien is claimed," must be stated; section 25 providing that the act shall be construed liberally. *Jones* v. *Manning,* 6 N. Y. Supp. 338, distinguished.

**2. SAME—VERIFICATION.**
　　Under Laws N. Y. 1885, c. 342, § 4, which requires the verification of a notice of mechanic's lien to be to the effect that the statements are true to the "knowledge or information and belief" of affiant, a verification that the statements in the notice are true to the "knowledge, information, and belief" of affiant is sufficient.

**3. SAME—CONSENT OF OWNER.**
　　Where an owner of land puts a vendee in possession under a contract by which a deed is to be given to the vendee on payment of the price in full, and, in default of any payment, all payments theretofore made to be forfeited, and, with knowledge that the vendee is making a contract for the erection of a house on the land, makes no objection thereto, he so far consents to the contract that his interest becomes subject to the contractor's lien.

Appeal from special term, Onondaga county.

Action by Michael Kealey and another against Dwight H. Murray and others to foreclose a mechanic's lien. There was a judgment for plaintiffs, and defendant Murray appeals.

Argued before MARTIN and MERWIN, JJ.

*Bagg, Nottingham & Pierce*, for appellant.    *Gill & Stillwell*, for respondents.

MERWIN, J.  On the 25th October, 1889, the defendant Murray was the owner in fee of the lot in question.  At that date he, through his agent, received of the defendant Mary Cornelius the sum of $5 as a payment on the purchase of the lot at the price of $300, with the understanding that, on the payment by her of another payment of $5, she should have a contract.  On the 7th November, 1889, she made another payment of $5, and a contract was executed, bearing date November 7, 1889, by which Murray agreed to sell, and Cornelius agreed to buy, the lot at the price of $300, payable $5 or more on the 1st day of each month until the whole was paid, without interest.  The deed was to be given upon full payment.  It was mutually agreed that Cornelius should have possession at the date of the contract, and should keep the premises in as good condition as then until the price was paid; and that, if she failed to perform the contract or any part thereof, Murray should immediately after such failure have the right to declare the same void without notice, and retain whatever may have been paid on the contract, and all improvements that may have been made on the premises, and might take immediate possession.  Mrs. Cornelius went into possession, made a further payment of $5 on December 7, 1889, $5 on January 15, 1890, and $5 on February 12, 1890, but no further payments.  On the 31st October, 1889, Mrs. Cornelius entered into a written contract with the defendant Quackenbush for the erection of a house on the lot, according to certain plans and specifications for the price of $1,245, payable, $100 on the delivery of the contract; and the balance of one-half when the building was inclosed, and the other half when the building was completed.  The $100 was not then paid, Quackenbush at the time informing Mrs. Cornelius that that would not be necessary, but that it could be paid at any time.  In December, 1889, the plaintiffs, under a verbal contract with Quackenbush, built a cellar wall on said premises, according to the provisions of the contract between Quackenbush and Cornelius, the labor and materials furnished by plaintiffs amounting to $102, none of which has been paid.  The plaintiffs were to be paid such sums from time to time as they might need as the work progressed, and the balance when the frame of the building required under the contract of Cornelius and Quackenbush was up.  All the work that has been done under the contract between Cornelius and Quackenbush is the completion of the cellar, and both parties have abandoned the contract.  On the 20th January, 1890, the plaintiffs filed their notice of lien, and on the 18th April, 1890, commenced this action.  It is claimed by Murray that the notice of lien did not contain the statements requisite to charge his interest, in that it did not make any claim against him, and did not state that labor and materials were provided at his request, by his consent, or with his knowledge.  The notice states that the claimants have a claim against William Quackenbush, contractor, to the amount of $102, for certain specified work and materials rendered and furnished in erecting a cellar wall, by virtue of an agreement with Quackenbush, who built the cellar under an agreement with Mary Cornelius; that Cornelius is the possessor of the premises, and occupies under a contract of purchase made with Murray, "who is the owner of the said building and appurtenances, and the lands and premises on which the same stands, subject to said contract;" and they (the claimants) "have and claim a lien upon said buildings and appurtenances, and the said lands and real estate whereon the same stands," to the amount named.  The premises are described.  The statute (section 4, c. 342, of 1885,) provides that the notice shall, among other things, contain "the names and residences of the claimants, the nature and amount of the labor and services performed, or the materials furnished or to be furnished, with the name of the owner, lessee, general assignee, or person

in possession of the premises against whose interest a lien is claimed." In the notice in question Murray is stated to be the owner, his interest is described, and it is quite apparent that the claim of lien was designed to reach his interest. In this respect this case differs from the case of *Jones* v. *Manning*, 6 N. Y. Supp. 338, cited by the counsel. It is true the notice did not allege the consent of the owner. The statute, however, does not require it. *Burkitt* v. *Harper*, 79 N. Y. 273-278. By section 25 of the act, it is provided that it is to be construed liberally to secure the beneficial intents and purposes thereof, and that a substantial compliance shall be sufficient for the validity of the lien. In this view, we think that the notice was sufficient in the respects complained of.

It is further said that the verification is defective. The requirement (section 4) is that the verification shall be "to the effect that the statements therein contained are true to the knowledge or information and belief of the person making the same." The verification is "that the statements in the foregoing notice contained are true, to his knowledge, information, and belief." This at least amounted to a verification upon information and belief, and that satisfied the statute.

It is further claimed by the appellant that no such consent on the part of Murray was shown as the statute contemplates in order to charge his interest. Such consent was found by the court below, and the question is whether the finding is sustained by the evidence. The present statute expressly provides that an owner who has made an agreement to sell and convey is still an owner, within the meaning of the act. It is not necessary for the claimant to show that such owner himself made a contract for the labor or materials for which a lien is claimed. That, in substance, was held in *Burkitt* v. *Harper*, 79 N. Y. 273, and *Otis* v. *Dodd*, 90 N. Y. 336. The case of *Jones* v. *Manning*, *supra*, is cited by the counsel for appellant to support a contrary view. That case is based on *Knapp* v. *Brown*, 45 N. Y. 207, which is referred to in the *Burkitt Case*, and distinguished. It has been held that the consent required by the statute may be implied from knowledge and the absence of objection. *Husted* v. *Mathes*, 77 N. Y. 388; *Nellis* v. *Bellinger*, 6 Hun, 560. In the present case the appellant knew of the contract for the building the house at or about its date, and made no objection. This was before he gave his written contract of sale. He knew that the improvement was going on. He provided in his contract that, in case of failure of his vendee to perform, the improvements should belong to him, (the vendor.) Very clearly, it was his expectation and desire when he made his contract, and in the contemplation of both parties, that a house would be built. It improved his security, and might inure to his benefit. This he was willing to receive. The finding of consent should not be disturbed. Upon the trial evidence was received by the court of declarations of the agent of Murray upon the sale. This was received subject to proof being made of the authority of the agent to bind his principal. There was some proof on this subject, and no motion was made to strike out the declarations. There was abundant proof to sustain the finding of consent, aside from declarations of the agent. We find no error on this subject sufficient to call for a reversal.

No other question is presented. Judgment affirmed, with costs.