Per Curiam.
This was an action of partition, and after the entry of the interlocutory and final judgments herein, the defendants who had defended the action appealed from both judgments to the general term on April 7, 1892, the same day the final judgment was entered. The interlocutory judgment was entered November 24, 1891, and the sale had pursuant to it January 20, 1892.
On April 9, the referee executed the deed to the purchaser, and received from him the entire purchase price, amounting in all to over $250,000.
On April 12th the defendants, Helen J. Banning and Maria L. Kendall, each received from the referee $70,000 on account of their share of the proceeds of sale pursuant to the judgment, and on April 22d, the further sum of $2,500 each. They have not received any part of the costs allowed them in the judgment, and the defendants Wilcox and Banning, as executors, have not received anything under the judgment. The respondents, on December 24, moved to dismiss these appeals upon the ground that the appellants, by accepting the benefits accorded to them by the j udgment, have waived the right to further prosecute the appeals. From an order denying the motion, the plaintiff has brought this appeal. As the defendants Wilcox and. Banning, as executors, have received nothing under the judgment, there is no ground for the claim that they are estopped from showing that the judgment was erroneous. The plaintiff made a motion to stay proceedings for a sale under the interlocutory judgment, which these defendants opposed, and insisted that the sale should be had pursuant to the judgment The property was in the hands of a receiver; it was indisputably the subject of a common tenancy, and a sale was proper for the preservation of the rights of all parties. The. title of the purchaser would not be in any manner affected by the appeal, nor the situation changed in any material respect The proceeds of the sale would be brought into court, and the subsequent litigation would be transferred from the land to the fund; and it is not seen how the rights of the plaintiff could be materially prejudiced by such a course. '
A different question is presented in regard to the appeal of Mrs. Kendall and Mrs. Banning. They have each received $72,500 under the final judgment, and it is insisted that they ought not to be heard to complain of a judgment whose fruits- they are now enjoying. But this objection, we think, is deprived of its force because of the conceded fact that they have received nothing to which they would not be entitled in any event, regardless of the final result of the litigation. It is ad *75 mitted by the pleadings that these defendants were the owners of ten-sixteenths of the premises sold, and they are, therefore, rightfully entitled to a corresponding share of the net proceeds of the sale. It is not claimed that they have received any greater sum, or that they have received the costs, or any moneys of which they would be required to make restitution, if the judgment should be reversed and the complaint dismissed; or judgment should be awarded for the relief demanded in their answer. The sale would not be disturbed, and as the purchaser refused to complete the purchase unless the defendants, individually, released or conveyed to him whatever interest they might have in the property, their right to the shares which they have received does not depend upon the judgment, but they would be entitled to retain the moneys as the consideration of the deeds they have executed to the purchaser. The only issue of fact litigated involved the plaintiff’s title to the undivided five-sixteenths conveyed to her by the defendant, Abner Mellen, Jr. This conveyance the other defendants allege to be fraudulent as to them, and that the title is still in the grantor and equitably charged with liens in favor of the estates of his father and mother for the amounts which it had been decreed, upon a final accounting, he should pay to them as legatees or next of kin.
In view of the appeals taken, the court below directed this share to be deposited with a trust company to await the final determination of the controversy, and required the appellants to execute an undertaking in the sum of $20,000 to indemnify the plaintiff against loss on account of the stay of the execution of that part of the judgment pending the appeal. The plaintiff is thus fully protected, and we think it must be held that, under all the authorities, the defendants have not waived their right to prosecute their appeals. Farmers' L. & T. Co. v. Bankers & M. Tel. Co., 109 N. Y., 344; 15 St. Rep., 516; Alexanders v. Alexander, 104 N. Y., 643; 5 St. Rep., 499; Knapp s. Brown, 45 N. Y., 207; Higbie v. Westlake, 14 id., 281.
The order must be affirmed, with costs.
All concur.