## NEW YORK COMMON PLEAS.

ALPHONSO P. PETTIS and others agt. ELISHA BLOOMER.

A *contract* under seal is well executed to bind the firm by *one partner* on behalf of the firm, with the *consent of the rest*.

Where the plaintiffs agreed to pay the defendant $500 if he would remove a certain building before a specified day, and the defendant agreed to pay them $10 a day for every day that should elapse after that day without a fulfilment of the contract, *held* that there was mutuality in the contract, and the obligations were reciprocal, establishing a valid consideration.

The $10 a day to be considered as stipulated damages—beyond which the plaintiffs could not recover.

*General Term, July,* 1861.
*Before* DALY, BRADY *and* HILTON, *Judges.*
APPEAL by defendant from a judgment at special term.

By the court, DALY, F. J.   The contract was between the firm of Pettis, Knowlton & Weatherby, and the defendant. This appears from the instrument itself, and though under seal it was competent for one of the partners to execute it on behalf of the firm, with the consent of the rest.   It appeared from the evidence, that after it was signed by Knowlton, the other partners read it and assented to it, which was sufficient to show that they authorized it, and that it was binding upon them.   (*Bell* agt. *Dunsterville,* 4 *T. R.,* 313; *Skinner* agt. *Dayton,* 19 *Johns.,* 513; *Gram* agt. *Seton,* 1 *Hall,* 262.)

There was no want of mutuality in the contract.   The obligations were reciprocal.   The plaintiffs agreed to pay the defendant five hundred dollars if he would remove his building before the first day of July, and he agreed to pay them ten dollars a day for every day that should elapse after the first of July without a fulfilment of the contract. By the express words of the contract, the defendant agreed that the building should be fully removed by the first of July, and I am at a loss to conceive upon what ground it is pretended that the contract was not binding.   The consideration was expressed.   The defendant was to do a certain act within a given time, for which the plaintiffs were to pay him a certain sum—in consideration of which mutual agreement the defendant further agreed to pay them, in the nature of stipulated damages, a certain sum for every day's delay on his part in the fulfilment of the contract beyond the given time, and there was in this all the elements of a valid and binding contract.

Upon the defendant's declaring that he could not take down the building within the time fixed, and upon his request for further time, the plaintiffs refused to release

him from his contract. He was, therefore, bound to go on, or incur a heavy responsibility in damages if he neglected to do so. The employment of Weston to take down the building was the act of the defendant. There was a conflict between his testimony and that of the plaintiffs as to the understanding upon which Weston was employed. He declared that Knowlton said that if Weston was employed to take down the building the plaintiffs would be satisfied, and that there would be no difficulty about the former contract. This Knowlton contradicted, and it appeared by the defendant's own witness that the plaintiffs refused to give further time or release the defendant from his contract. This was decisive, and it would have been against the weight of testimony if the justice had found that the plaintiffs had agreed to substitute Weston and discharge the defendant from his contract. The only error I see in the case is in the amount of the damages. The ten dollars a day, which must be looked upon as stipulated damages, was all that the plaintiffs could recover. But twenty-three days elapsed beyond the time fixed upon, which, at ten dollars a day, is $230. The justice gave $250. The judgment should be reduced for the excess, and affirmed to the extent of $230.