By the Court.—Robinson, J.
The referee, in the absence of any proof that the liens of O’Donnell and Graf, filed in February, 1869, had been renewed, was not authorized by his report and decision, dated April 36, 1870, and after the expiration of one year, to render any judgment for the foreclosure of either, as a subsisting lien, and order a sale of the owner’s interest in the property. The liens ceased after the year, without order being made for their continuance, and a new docket made stating the fact (Laws of 1863, p. 859, ch. 500, § 11. Ho decree could be made, continuing what the law enacted should cease ; and,—as in the case of liens by judgment which terminate at the end of ten years,—the actual sale must occur, and the acquisition of a title by a purchaser be effected before the expiration of the lien (Dickerson v. Gilliland, 1 Cow., 481; Roe v. Swart, 5 Cow., 294).
From the case it would seem that the claimants relied upon such matter of cessation or expiration of lien as the subject of defense to be set up and proved by the owner; while on the contrary its continuance was the only basis of any judgment in rem of foreclosure and sale, which they are sub-contractors could have originally recovered affecting the owner. Any such judgment was abortive as to the claimant Graf, as on examination I have caused to be made of the records in the county clerk’s office, I find there was no renewal of this lien, and an order for new trial as to him would be of no avail or benefit.
As to the claimant O’Donnell, he equally failed to establish any renewal of his lien, and the judgment *63 must therefore be also, for this cause, reversed as to him, but a new trial ordered to enable him if possible to show such a continuance of his lien as entitles Mm to any judgment in Ms favor, either 'in rein or in personam, notwithstanding any lapse of the lien. I find on the examination of the record, it was continued on February 15, 1870, and as to him a new trial should be ordered, with costs to abide the event, in order to enable him, if he chooses, to endeavor to maintain that his lien continues.
I am also of the opinion that the ten dollars a day named in the contract was intended as, and was in law, stipulated damages for each day’s delay by the contractor in the completion of the work; and that the owner should be allowed at that rate for each day’s delay that should be found to have occurred without liis contributory negligence or without his express consent (Pettis v. Bloomer, 21 How. Pr., 317), and that the referee erred in not giving effect to this provision.
Order accordingly.