Dykman, J.
This is an action for the foreclosure of a mechanic’s lien-upon real property in Par Rockawav belonging to the defendant James Reid. This appeal is brought upon the judgment roll-upon questions of law only, the testimony not being contained in the case. The cause was tried before a-judge without a jury, and his findings, which are contained in the record, furnish the facts upon which the appeal must be decided. The judge liasfound that between the 1st of May, 1887, and the 20th of August, negotiations and correspondence had taken place between the plaintiff and the Brooklyn Mutual So Lumber Company relative to a furnace and range to be furnished by the plaintiff in and about the fitting of the house which the lumber company was then erecting, under contract with Reid, upon his property, and that it had been agreed between those parties that the size of such furnace-should be No. 36; that about the 20th day of August, 1887, the defendant. Reid called at the store of the plaintiff in New York city, and said that tlierewas money in his hands belonging to the lumber company; that he desired a. larger and more expensive kind of a furnace put in his house, to-wit, a No. 40 furnace, and in substance promised that if the plaintiff would put the same-in, he (Reid) would pay the bill therefor; that the plaintiff thereupon notified the Brooklyn Mutual & Lumber Company of such interview with Reid, and of the order given by him for a larger and more expensive furnace, and the lumber company gave its consent that the plaintiff should fill that order so given by Reid; that, in consequence of such order, the plaintiff did furnish a larger, more expensive furnace and range selected by Reid, and set the same up in his house at Far Rockaway, and supplied and put in registers, soap-stones, hot-air pipes, dampers, arrangements, water-backs, and performed everything necessary to fulfill its contract with reference to the furnace and range in a proper and workman-like manner, and such work and materials wrere reasonably worth the sum of $297.25, which amount was known and agreed upon as the price therefor by both the defendants; that such sum had never been paid, and that proper notice of lien was filed and served upon the defendant Reid; and then found all the formal facts necessary to constitute the lien upon the property. The conclusions of law as found by the judge were that the defendant was personally liable to the plaintiff for its claim for the furnace; that he personally undertook and agreed to pay for the same; and that the plaintiff has a good and valid lien on all the property for such amount, and ordered judgment in its favor. From that judgment the defendant Reid has taken an appeal, and his contention seems to be that the complaint in the action lays no foundation sufficient to sustain the judgment.
It is stated in the complaint that, at the special instance and request of the defendant, the lumber company, by and with the knowledge, approval, and ratification of the defendant Reid, the plaintiff performed the work, and furnished'the materials for the erection of the furnace and its appendages, and that such work and materials were furnished by plaintiff at the agreed price between the plaintiff and the defendants of $297.25. The complaint seems to *225 be sufficient to sustain the judgment, and the facts found by the trial judge show an original undertaking on the part of Reid to pay for the substituted furnace and its appendages. His conduct and conversation with the plaintiffs was sufficient to impose upon him a personal liability for the payment of the furnace ordered and substituted for the one originally ordered by the lumber company, and such obligation seems to be amply sufficient to sustain the lien of the plaintiffs. Our conclusion is that the judgment should be affirmed, with costs. All concur.