WOLLREICH *v.* FETTRETCH.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
   When the evidence is contradictory, the referee's conclusions should be sustained.
2. CONTRACTS—PERFORMANCE—BURDEN OF PROOF.
   In an action on a contract, the burden is on plaintiff to show performance. He may recover if there are merely slight defects or omissions in his work which may be remedied by an allowance to defendant out of the contract price, but not where the defects run through the whole work, including the materials furnished.
3. MECHANICS' LIENS—FOR WHAT OBTAINED—MATERIALS LEFT BY CONTRACTOR.
   When a builder abandons his contract, but leaves materials on the ground, which the owner accepts and uses, the relation of seller and buyer is created, and the builder is entitled to a material-man's lien for the price.

Appeal from judgment on report of referee.

Action by Henry Wollreich against James Fettretch, to enforce a mechanics' lien. The referee found that "plaintiff failed to perform the contract on his part in many particulars; among others, in giving the first coat to a considerable portion of the work, the second coat to a considerable portion of the work, and particularly in failing to paint some doors, mantels, mouldings, woodwork in the water-closets, casings around the water-pipes, air-shafts, windows, cellar doors, jambs, and other portions of the work, and also failed to perform his said contract by using materials of an inferior quality;" and concluded "that the plaintiff having substantially failed to perform the contract, * * * and having abandoned the same before the completion thereof, is not entitled to recover anything of the defendant, either for the work done by him, or the materials furnished in the work, and left on the premises at the time he abandoned his contract." Judgment for defendant. Plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*N. Quackenboss,* for appellant. *John Fettretch,* for respondent.

BRADY, J. The plaintiff, who is the appellant, claimed from the defendant $1,289.45 for work done and materials furnished, and sought herein to enforce by sale of the premises the lien which he filed under the statutes authorizing such a procedure. On the trial the real issue was whether he had performed his contract, which was in writing, and the referee, on conflicting evidence, determined that he had not. Various incidents, having some relation to and bearing upon the issue, were detailed by the evidence *pro* and *con;* some favoring the plaintiff's cause, and some establishing its invalidity,—all of which were duly weighed and considered by the referee, and the result pronounced against him. The condition of the evidence does not warrant our disturbance of the judgment. It cannot be said that the findings made were against the weight of evidence, or that the proof on the part of the plaintiff so preponderated as to call for a different conclusion from that declared. The

plaintiff undertook by his contract to do the work stated, in the best manner, but failed to do so. He did not complete his contract well or ill, but abandoned it, leaving the defendant to finish it as best he might. What he did do was not a substantial performance as far as it went. The omissions and defects were not slight and occasional, but extended over the entire work.

The abandonment of the contract by the plaintiff he sought to justify by the statement that the defendant had not paid the installments as they became due, excusing himself by financial embarrassment; but the defendant denied this, and asserted that his refusal was because of the unskillful and imperfect manner in which the work was done. It also appeared that, when the plaintiff ceased his labors, he left upon the premises material worth the sum of $189.45, to which he called the defendant's attention, naming the sum mentioned as its value, which the defendant accepted; but the defendant, while admitting that there was material left, denied that its value was named, or that he accepted it, and placed its value at $50. The record is abundant in these contradictions, and presents a case where the propriety of sustaining the referee's conclusions is perhaps unusually forcible.

The plaintiff bears his burden for his failure of a proper performance of the contract, without showing which he could not recover. *Smith* v. *Brady*, 17 N. Y. 173. The rule established in that case is supposed to have been relaxed in *Woodward* v. *Fuller*, 80 N. Y. 312; but, assuming that it has, it is only to the extent of declaring that if there be a substantial performance in good faith, although there may be slight defects caused by inadvertence or unintentional omission, which are susceptible of remedy without difficulty, so that an allowance out of the contract price will give the other party full indemnity, the plaintiff might recover, but not if the defects run through the whole work, or are so essential that the object of the parties to have a specified amount of work done in a particular manner was not accomplished. It has been already stated that the defects complained of extended through the whole work, as shown by the defendant and found by the referee, including the materials furnished, and therefore the defendant could not recover. When that condition exists, there is neither a substantial performance, nor an accomplishment of the object in view, when the contract was entered into. In this period of good common understanding it is absurd to entertain the belief that a mechanic does not know what is the best workmanship, or its close approximate, and therefore, when he makes an agreement to perform it, he must discharge his obligation or suffer the penalty, as long as the rule of law now prevailing shall exist. The referee was right, therefore, in pronouncing the judgment declared as to any claim under the lien for services rendered or materials furnished, excepting only the materials left on the premises when the work was abandoned, and a part of which the defendant used as he admits. This material seems to be included in the notice of lien filed, and the claim alleged in the complaint. The referee has made no allowance for it, assuming, doubtless, that it was embraced in the part performance made by plaintiff, but this was erroneous. From the moment the plaintiff abandoned the completion of his contract, a new relation sprang up between him and the defendant, and his *status* as to the material left on the premises, the defendant having paid nothing, was that of a vendor, if the defendant used it for any purpose on the building. As to it the plaintiff became a furnisher of such material, with the right to become a lienor as well, and was entitled to recover its value. This view is not gainsaid by anything growing out of the contract itself in substance. The defendant availed himself of a rigorous rule, to possess and enjoy whatever was done by the plaintiff, for which, as already suggested, he paid nothing. The contract price was $1,600, and, after the plaintiff ceased his work, $722 only was required to finish. This was much less than the contract price, and no element of damages by the defendant has been sustained by proof. There is therefore no apparent counter-claim. For these reasons

there must be a new trial as to the materials mentioned, unless the defendant pays the sum asserted to have been agreed upon as their price, with interest, within 30 days after entry of this order, or the parties agree on a price. No costs to either party on this appeal. All concur.