By the Court.—Sedgwick, Ch. J.
The action was upon a promissory note against the defendants as makers.
On the trial, the defendants did not contest that at first the plaintiff had paid value for the note, or that it was in the plaintiff’s hands when it fell due.
The answer had averred, “ that if the plaintiff is the owner and holder of said note the same was purchased after it became due and payable.” If this referred to the purchase by the plaintiff at the time it first went into the plaintiff’s ownership, there was no evidence to *602 sustain this answer. On the trial, the defendants assumed, that the answer referred to a second purchase or delivery of the note by the plaintiff from the payee, one Stinson, who it was claimed had in some way paid or satisfied the bank’s claim against him as indorser, and afterwards, after maturity, re-transferred the note to the bank.
If these facts had existed, the defendants claimed that the bank acquired only the rights of Stinson, the indorser, against the makers, which would permit the defendants to make an offset against the indorser, and in the answer an offset was pleaded, which, if valid, would extinguish any claim upon the-note.
The answer also alleged that “ Stinson the payee in said note mentioned, is now the lawful owner and holder of said note.”
The defendants to maintain these defences, gave testimony for the purpose of showing that after maturity the payee Stinson was in possession of the note, they arguing that this possession made a presumption that it had been delivered to him by the bank, in a transaction that made him the owner of the note. They did not, in reality, give testimony that Stinson was in actual possession. The witness, who spoke on this point, said that one Eaton was in actual possession. As to Eaton’s possession being the possession of Stinson, nothing more was .shown than that at the time Eaton was the general manager of Stinson’s business. This did not tend to show that the note was held in the course of that employment of agency, when the other undoubted facts of the case are considered.
The defendants called a witness, one of the attorneys for the plaintiff in this action. .He testified that the note in action was given to him by Mr. Booth. Both Booth and Stinson were his clients. Stinson had placed in his hands the papers that concerned the claim that Stinson made in respect of the contract which is the subject matter of. the offset in the present answer. *603 Booth had such relations to Stinson that he was present at consultations in respect of the contract. In the course of these Booth placed in the hands of the witness the note, with directions to bring suit upon it, with no instructions as to the ownership of the note. An action was begun in the name of Stinson. Before answer the witness learned that the bank was the owner and he so told the defendants’ attorney, and no answer was served. Thereupon this action was brought.
The cashier of the bank was called as a witness for plaintiff. On his cross examination he testified that the bank sent the note from its place of business in Massachusetts, to Booth in New York, with instructions to collect the note and if necessary to have suit brought upon it. His testimony on the point of Booth’s having custody of the note was so corroborated by the evidence of plaintiff’s attorney, called as a witness by defendants, that his credibility was not a question for the jury.
One of the defendants testified that Eaton did have possession of the note at a time not definitely fixed, and that Eaton demanded payment of the note. The other testimony satisfactorily showed, that if Eaton had the note before Booth gave it to the attorney, Eaton must have been acting for Booth or for the bank, or if he. had it after the attorney held it from Booth, he must still have held it for the bank in reality even if we suppose that for a time Stinson was thought by a mistake to be the holder. Such a mistake would not give Stinson or Eaton a right to act in the attempt to collect for any but the bank.
I am of opinion, that there was no evidence that the note was ever in Stinson’s possession after maturity, as owner, or that plaintiff’s rights were other than those of a purchaser before maturity.
The judgment should be affirmed with costs.
Trtjax and Dugro, JJ., concurred.