JAMES BIGLER, Respondent, *v.* THE NEW YORK AND SOUTH BROOKLYN FERRY AND STEAM TRANSPORTATION Co., Appellant.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

*Contract. Waiver.*—A direction for changes and alterations in the work under a contract for building and delivering boats at a specified time with a stipulation for a fixed sum for each day's delay thereafter, the making of which changes the owner knows will necessitate much delay, constitutes a waiver of the provisions of the contract, and to all claim for damages by reason of such delay, and an extension of the time for the performance of the work.

*Billings & Cardoza* (*Michael H. Cardoza*, of counsel), for appellant.

*Scott & Hirschberg* (*M. H. Hirschberg*, of counsel), for respondant.

DYKMAN, J.—This action is for the recovery of the balance upon a contract for building two iron ferry boats. The parties entered into an agreement in writing, in June, 1886, by which the plaintiff undertook to build two boats for the defendant, and deliver them in New York on or before the 1st day of January, 1887, for the sum of $72,000 each, and the sum of sixty dollars a day was fixed and liquidated as damages for the delay beyond that date.

After the construction of the boats had been commenced and on the 7th day of September, 1886, the parties executed a supplemental agreement for the construction of a deck

saloon upon each of the vessels, for the additional sum of
$5,000 each.   The last contract contains a proviso against
the extension of the time for the performance of the first
contract, but fails to provide for any damage for failure to
complete the additional work within the limit of time speci-
fied in the original agreement.

One of the boats was completed and delivered in April,
1887, and, as we understand the case, the boat was accepted,
and all claims for deduction, in respect to that boat, were
compromised and adjusted at the time of such delivery.

The second boat was also completed, delivered and ac-
cepted in August, 1887, but the defendant deducted and
reserved from the amount due for the construction of that
boat the sum of sixty dollars a day for 220 days, from
January 1, to August 9, 1887, under the claim for liquid-
ated damages, amounting to the sum of $13,200, and this ac-
tion is brought to recover that sum of money, with a balance
of $212,50 for extra work on the second boat.

To excuse the delay in the completion of the boats, and
the failure to deliver the same within the time limited in the
original agreement, the plaintiff introduced proof tending to
show that after the execution of the supplemental contract,
much extra work was done upon the boats, by the direction
of the defendant, which was not required by the contracts
and specifications.

The proof also tended to show that subsequent to the first
day of January, 1887, the time specified for the completion
of the boats, the defendant ordered and caused many changes
and alterations in the character of the work upon the boats
and their style and finish, and discarded work already done
upon them in accordance with the contracts, and that such
alterations changed the material to be employed and the
kind of work to be performed.

The president and superintendent of the defendant were
both aware of the condition and progress of the work upon

the boats in the different stages of their construction, and of the delay which necessarily resulted from changes in the mode of construction, and with all such knowledge most of the additions, alterations and changes were ordered and directed by them after the first day of January, 1887, the date originally fixed for the completion of the boats.

The trial of the cause was before the court without a jury, and the plaintiff recovered the amount of his claim, excepting $1,200, which was deducted for twenty days of delay charged to the plaintiff, at sixty dollars a day.

The trial judge found the facts as they were claimed by the plaintiff, and found that the delay in the delivery of the second boat was caused wholly by the defendant, as we have seen already the damages for delay in the delivery of the first boat were compromised upon its delivery, and form no part of the claim in this action.

Judgment has been entered upon the decision of the judge, and the defendant has appealed therefrom.

In our view, the success of the defense interposed by the defendant in this action, would be little less than a reproach to the administration of justice.

Under the original contract between the parties, the defendant could force from the plaintiff the sum of sixty dollars for every day of delay in the delivery of the boats, after the first of January, 1887, and yet, with full possession of knowledge of that fact, the officers of the company directed changes and alterations in the work which they knew would necessitate much delay, and many of such changes were ordered long after the time originally fixed for the close of the work.

The law can place but one construction upon such conduct. It constituted a plain case of waiver of the provisions of the contract.

The orders and directions of the officers of the defendant to proceed with the work, after the first day of January,

23

1887, justified the plaintiff in the belief that the delay necessitated by the work directed to be done by him, met with the acquiescence of such officers. Such was the only natural inference to be drawn from their conduct. It was more than a consent to the delay ; it amounted to a positive direction for delay, and so constituted a waiver of the provisions of the contract, and a waiver to all claim for damages, by reason of such delay, and an extension of the time for the performance of the work.

Although the judgment in this case stands fully justified by legal principles, yet it stands equally well upon adjudicated cases. Smith *v.* Gugerty, 4 Barb. 614 ; Stout *v.* Jones, 9 N. Y. State Rep. 570 ; Stewart *v.* Keteltas, 36 N. Y. 388 ; Gallagher *v.* Nichols, 60 Id. 438.

We find no errors, and the judgment should be affirmed with costs.

All concur.