### RUSH v. WAGNER.

*(City Court of Brooklyn, General Term.* December 22, 1890.)

1. CONTRACTS—PERFORMANCE—SLIGHT DEFECTS.

  Where a contractor in good faith substantially performs a building contract, he can recover on the same, less a just deduction for slight defects or omissions.

2. SAME—CONSTRUCTION.

  A provision in a contract "all flooring to be laid smooth and level, and free from knots," means free from all kinds of knots, both hard and soft.

3. SAME—PERFORMANCE—QUESTION FOR JURY.

  The evidence as to the number of the knots being conflicting, it was for the jury to determine whether such knotty condition was a trivial or material violation of the contract.

Appeal from trial term.

Action by Myron C. Rush against Arnold B. Wagner. There was judgment for plaintiff, and defendant appeals.

Argued before VAN WYCK and OSBORNE, JJ.

*C. J. Patterson,* for appellant. *William Sullivan,* for respondent.

VAN WYCK, J. This action was brought to recover an alleged balance of $3,674 upon a building contract of $12,874. One of the defenses was that plaintiff had not performed his contract. The plaintiff had a verdict in his favor. The law is well settled in this state that, where a contractor in good faith substantially performs a building contract, he can recover the same, less the just deductions for slight or trivial defects or omissions. *Crane* v. *Knubei,* 61 N. Y. 645; *Phillip* v. *Gallant,* 62 N. Y. 264; *Glacius* v. *Black,* 50 N. Y. 145; *Johnson* v. *De Peyster,* 50 N. Y. 666; *Woodworth* v. *Fuller,* 80 N. Y. 312; *Wollreich* v. *Fettretch,* 4 N. Y. Supp. 326. The specifications contained the following clause: "All flooring to be laid smooth and level, and free from knots." We think these words meant free from all kinds of knots, including soft and hard ones, and that the trial court erred in refusing to so charge, and in affirmatively charging that it did not mean entirely free from knots. The chief contest at the trial was as to the number of knots in the flooring, the testimony for the plaintiff tending to show that they were not numerous, and that for the defendant that they were very numerous. There were knots in this flooring in violation of this specification that the flooring should be free from knots. To what extent it was knotty was for the jury to determine from the evidence, and then decide whether such knotty condition was merely a slight and trivial violation of the contract, or a material violation thereof, which would lead them to conclude that the contractor (plaintiff) had not substantially performed his contract. Without further expression herein upon the other exceptions, and the motion for new trial, the judgment and order appealed from, in our opinion, should be reversed, and a new trial ordered, with costs to abide the event.

OSBORNE, J., concurs.