FOSHAY *et al. v.* ROBINSON *et al.*

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

MECHANICS' LIENS—SUBCONTRACTOR—DEFAULT OF CONTRACTOR.

> R. contracted with B. to build a house for $7,820 to be paid therefor by installments as the work progressed, the third installment, $1,800, to be paid when the plastering was complete. R., after having received the first two installments, amounting to $3,600, failed to complete the work to entitle him to the third installment, and B. took possession under the power contained in the contract, and completed the contract at a cost of $7,300 for the unfinished work. It cost $284 to complete the plastering, and $485 to repair defective work done by R. *Held,* in an action to enforce the liens of subcontractors of R., that they were entitled to have applied to their claims the amount of the third payment, less the cost of defective work and the cost of completing the plastering.

Appeal from special term, Westchester county.

Action by John Foshay and others against Frederick Robinson, contractor, William A. Boyd, owner, and Young and others, subcontractors, to enforce a mechanic's lien. Boyd appeals from a judgment entered upon the report of a referee in favor of Young and others. Affirmed.

The facts are stated in the report of W. A. Woodworth, referee, as follows: "On October 19, 1886, the defendant Boyd, who owned a lot of land at Larchmont, entered into a contract with the defendant Robinson by which the latter agreed to build a house for him for $7,820, payable in installments as the building progressed, the third installment, of $1,800, being payable when the plastering was complete, the fourth, of $1,000, when the interior trim is complete, and the balance, of $1,420, when the entire works were complete. Such payments were to be made subject to the proviso that the work should progress in a satisfactory manner, and that the certificate of the architect be first obtained, such certificate, however, not to exempt the contractor from correcting any defects or making good any departures from the specifications. The contract also contained this article: 'Should the contractor at any time during the progress of said works refuse or neglect to supply a sufficiency of materials or workmen, the owner shall have power to provide materials and workmen, after three days' notice in writing being given, to finish the said works, and the expense shall be deducted from the amount of the contract.' The house was to be finished on May 1, 1887. The progress of Robinson with the work he contracted to do was very unsatisfactory. The various portions of the building were not completed until long after the periods agreed upon in the contract. There were many defects and deviations from the contract. Robinson did not employ efficient mechanics, nor a sufficient number of them, and there was a deficiency in the quantity and quality of materials, so that on the 28th day of May the plastering was not all on, the defects were not remedied, although Robinson had been frequently requested by the architect to remedy them, and the work was very far from completion. On the 20th day of May, Boyd served the notice stipulated for in the contract, that, unless within three days he supplied a specified number of workmen, he (Boyd) should proceed to finish the work at the contractor's expense, and, the contractor failing to comply with the notice, on May 28th Boyd undertook the completion of the work. I am satisfied from the testimony that Boyd was fully warranted in taking this step. At that time Robinson had received the first two installments, aggregating $3,600, leaving $4,220 still unpaid, for which amount, together with the value of some extra work, he afterwards, on July 6th, filed his lien. The defendants Young & Tripp, on May 26th, filed a lien for materials furnished, amounting to $1,300, and the plaintiff on June 6th filed a lien for $100. Boyd finished the contract at an expense of $7,300, or $3,120 more than was remaining unpaid on the contract when it was abandoned by Robinson. Robinson claims that he could have finished the work for $500, but these figures are utterly absurd, in view of the clear and intel-

ligent testimony of McDowell. I am satisfied from all the testimony that the amount paid out by Boyd was fair and reasonable. * * * The counsel for the material-men claims that Robinson was also entitled to the fourth payment, which became due when the trim was complete. Robinson testifies that . considerable trim was on, but it appears that it could not have been properly put on until the plastering was complete, and there is no evidence showing how much it was worth, or how much it cost to complete it. Besides, it appears that it was put on before the building was jacked up, and consequently was not true when the building was leveled, and had to be taken off to a great extent and replaced by a new trim; that it was only partially stained and oiled, and that improperly; that the front stairs were not built or trimmed; that many of the window and door frames had to be reconstructed; that absolutely nothing had been done in the basement. I do not see how it is possible to decide that anything whatever was earned on the fourth payment, and the presumption is that it cost fully the amount of the fourth installment to arive at that stage of the building when the interior trim was complete."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

A. C. Fransioli, for appellant. M. Banta, for respondents Young and others. Jas. C. De la Mare, for respondent Robinson.

BARNARD, P. J. The appellant, Boyd, is the owner of a piece of land at Larchmont in Westchester county. He made a contract with Frederick Robinson to build a house thereon for $7,820. The payments were provided for by installments. The first two installments were earned and paid. The third installment, $1,800, was to be paid when the plastering was complete. The contractor failed to complete the work which entitled him to this payment, and the owner, under a power contained in the agreement, took possession of the work and completed the plastering. This cost the owner $284. There was some defective work done by the contractor amounting to $485. The contractor, when he failed to complete the work, had done some work towards earning the fourth payment, which was $1,000, when the interior trim was complete. The owner completed the house. The referee has found that at the time the contractor left the work he had earned the sum of $1,031 more than he had received pay for, after allowing for bad work which had to be repaired, and which was deducted before this balance of $1,031 was reached. The defendants Young & Tripp were the first lienors for material furnished for the work, and their claim was greater than this balance; and to that firm was awarded the entire balance. The case falls within the case of Van Clief v. Van Vechten, 1 N. Y. Supp. 99, and Wright v. Roberts, 43 Hun, 413, affirmed, 118 N. Y. 672, 23 N. E. Rep. 1145. The case of Larkin v. McMullin, 120 N. Y. 206, 24 N. E. Rep. 447, holds only that under a contract which was not completed, and where the referee found that nothing was due under it, no lien could exist in favor of person who sold materials to the contractor. The questions of fact presented are supported by the evidence. The witness Tripp positively states that the articles for which the lien is claimed went into the house in question. The controversy was one involving great doubt as to the omissions of the contractor and the value of the work actually done when he abandoned the performance of the contract. The trial court was the best judge of the credibility of the witnesses, and no case is presented on question of fact upon appeal, unless the evidence is of such preponderating weight that a reversal is called for for that reason. No such case is presented, and the judgment should be affirmed, with costs. All concur.