### FEINBERG v. WEIHER.

*(Common Pleas of New York City and County, General Term. June 6, 1892.)*

CONTRACTS—PERFORMANCE.

> A person who employs another on the understanding that the work is to be done in a workmanlike manner may terminate the contract, if the work be not so done, without regard to the intention of the contractor.

Appeal from trial term.

Action by Isaac Feinberg against Lorenz Weiher. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Simon Sultan*, for appellant.  *Horwitz & Hershfield*, for respondent.

BOOKSTAVER, J.  This action was brought by the plaintiff for the recovery of damages for breach of an alleged contract claimed to have been made by one Mina E. Feinberg to furnish and hang paper for 150 rooms, in six five-story houses, owned by defendant.  The evidence showed that the contractor did one day's work in the buildings, papering seven rooms in all.  The defendant then notified the plaintiff, as he claimed, not to do any more work in the houses, for the reason that the work was done in an unskillful and unworkmanlike manner.  This the plaintiff denied, but claimed that the reason why there was a suspension of the work at that time was because plaintiff's assignor was told by the defendant that, as the paper hangers and painters who were working in the same houses at the same time had gotten into quarrels and disputes among themselves, the paper hangers should cease work, and allow the painters to make enough headway to get out of the way, when the paper hangers might resume their work.  Considerable evidence was given to support each of these contentions.  In addition to this, the defendant testified that he provided in the contract that he could stop work at any time if the plaintiff's assignor did not do the work right or in a proper manner; also that he had shown him another house, and said to the contractor that if he did that kind of work he would be satisfied, but, if not, he would stop it.

Among other things, the court charged the jury as follows: "If you find that the work was not done in a workmanlike manner, and it was not the intention of the plaintiff's assignee to go on and complete the work in a workmanlike manner, then the defendant was justified in ordering the work stopped;" and after referring to a letter written by the defendant, and which was in evidence, said: "It is for you to say, from the evidence you have heard, whether there was any intention on the part of the plaintiff to go and do a workmanlike job on the premises." This portion of the charge was duly excepted to.  If the evidence on defendant's part as to the unworkmanlike manner of the work were accepted as true, the defendant had a right to terminate the contract, regardless of plaintiff's future intentions.  It is an elementary rule of law that a person who undertakes, in any trade requiring special skill or knowledge, to perform or furnish for another any service, impliedly contracts and warrants that he will carefully and skillfully perform the work according to the rules and principles of the art or trade in which he is engaged.  There is an implied promise that the work shall be performed in a workmanlike manner, and, if the contractor fails to comply with such implied contract, the servant, employe, or contractor may be discharged by the employer from the further prosecution of the work as for a breach of contract. And there is no difference, in the application of this rule, whether the employe or contractor does the work himself or employs others to do it.  Wood, Mast. & S. (2d Ed.) 310; Fras. Mast. & Serv. 55, 56; Story, Bailm. (9th Ed.) § 428.  The court below, instead of charging simply that if the work was done in an unworkmanlike manner the defendant had the right to terminate the contract, in effect charged that, assuming it was true that the work was done in an unworkmanlike manner, the defendant could not terminate the contract, unless he proved an intention on plaintiff's part to go and complete it in a workmanlike manner.  From this the jury might well have inferred that, although the plaintiff, according to the evidence of the defendant and his witnesses, had done his work in such an unworkmanlike manner that it was of no value, and had to be gone over again by the new contractor, yet they could disregard this evidence, unless the defendant had also proved to

them the absence of an intention on plaintiff's part to complete the work in a workmanlike manner.

But the court afterwards also further charged, which we think is also covered by the exception, as follows: "You are to say whether you think from their [the witnesses'] description it was a proper job, and whether the plaintiff intended to do the work properly or not; if you find in the negative on that proposition, then, of course, the defendant had a right to stop her." This was, in effect, telling the jury that, only in case they found both these facts to exist,—an improper job, and an absence of an intention on the plaintiff's part to do the work properly in the future,—could they find for the defendant. If the testimony offered on defendant's behalf was to be believed, seven of his rooms were spoiled by the unworkmanlike manner in which the contractor had performed the job, which would seem to be sufficient to justify him in discharging the plaintiff's assignor; yet, according to the charge, he could not do so without also showing, in justification of the discharge, that the contractor had no intention of righting the wrong already done, and perform the remainder of the job in a workmanlike manner in the future. There are many cases which hold that mere trivial omissions and imperfections in the contractor's work will not prevent his recovery, provided he shows an intention to carry out his work in good faith. But there are also many cases holding that, where the work of the contractor is bad throughout, even although he did all the work contracted for, he can recover nothing; his intentions in such cases are entirely immaterial. *Pullman* v. *Corning,* 9 N. Y. 93; *Smith* v. *Brady,* 17 N. Y. 173; *Glacius* v. *Black,* 50 N. Y. 145; *Wollreich* v. *Fettretch,* (Sup.) 4 N. Y. Supp. 326. The court below in its charge, however, did not enter into the distinctions between trivial and substantial defects, but broadly put to the jury the proposition that, if the work was not done in a workmanlike manner, the plaintiff still had a right to recover, unless the defendant also showed the absence of his intention to do a workmanlike job. We think this was error for which the judgment should be reversed, and a new trial ordered, with costs to abide the event. All concur.