BULKLEY *v.* KIMBALL *et al.*

*(City Court of Brooklyn, General Term.   June 27, 1892.)*

MECHANICS' LIENS—PARTIAL PERFORMANCE—SUFFICIENCY OF NOTICE.

Plaintiff performed part of certain work contracted for, and, having abandoned the contract on account of defendant's default, filed a lien for the work done, stating "that all the work and materials for which the claim is made has been actually performed or furnished." *Held* a sufficient compliance with the statute requiring that the notice of lien shall contain a statement of the work, performed and unperformed.

Appeal from special term.

Action by Harrie Bulkley against Edmund Kimball and others. From a judgment for plaintiff, defendant Kimball appeals.   Modified and affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Peck & Field,* for appellant.   *Phillips & Avery,* for respondent.

OSBORNE, J.   Plaintiff brought this action to foreclose a mechanic's lien filed by him against certain lands, and the buildings thereon, on the corner of Lewis and Greene avenues, in this city; and also to have a certain conveyance of said premises from the defendant Kimball to the defendant Spratt declared void, as made without consideration, and with intent to cheat and defraud plaintiff and others who had performed labor and furnished materials on said buildings.   On the trial, plaintiff obtained judgment setting aside said conveyance, and judgment of foreclosure and sale, under the notice of lien filed by him, for the sum of $1,400.   Defendant Kimball alone defended on the trial of this action, and he now appeals from the judgment entered in favor of plaintiff, and he urges various grounds for the reversal of said judgment, which we shall proceed to consider.

The evidence shows that plaintiff contracted, in writing, to furnish the material and complete the mason work on certain unfinished buildings, for the total sum of $8,000, payable in installments as the work progressed.   The learned trial judge found that the plaintiff had completed sufficient work to entitle him to the payment of the first installment of $750, the second installment of $900, and that he had also completed and furnished two thirds of the work and material necessary to entitle him to the third payment of $1,800, to wit, $1,200; that defendant had only paid plaintiff the sum of $1,450; and that plaintiff was justified in refusing to go on and complete the contract by reasons of defendant's failure to pay a balance of $200 due on the second installment.   The evidence seems to us to justify and support the findings of the learned trial judge as to these matters, and that there was due to plaintiff a balance of $1,400.

We are also of the opinion that the evidence is amply sufficient to sustain the findings of the learned trial judge that plaintiff had performed his part of the contract, and that the conveyance from Kimball to Spratt was without consideration, and was made with intent to hinder, delay, and defraud plaintiff and other creditors of Kimball.

The learned counsel for the appellant contends that the notice of lien was fatally defective, in that it contained no statement of the work performed and unperformed, as required by section 4 of the lien law.   The notice of the lien filed by the plaintiff expressly stated "that all the work and materials for which the claim is made has been actually performed or furnished."   We think that this was a sufficient statement of plaintiff's claim in the case before us. The lien law permits a party to file a notice of lien, not only for work and materials actually performed and furnished, but also for materials to be furnished. In such a case as that, the statute provides that the notice must prescribe "whether all the work for which the claim is made has been actually performed or furnished, and, if not, how much of it."   Here, as before stated, plaintiff

only claimed a lien for work and material performed and furnished, and alleged that it "had been actually performed or furnished." Plaintiff had a right to file a notice, if he had chosen so to do, for the balance of $8,000, the amount of his contract. If he had done so, then, under the provisions of section 4, he would have been obliged to state how much of his work remained unperformed. The case of *Foster* v. *Schneider*, (Sup.) 2 N. Y. Supp. 875, cited by appellant, has no application to the present case. There, the lienor having a contract to do the entire plumbing work of three houses for $2,400, filed liens for the whole amount of her contract, although the work had not been completed, and she failed to state in her notice of lien how much of the work remained unfinished, and it was under those circumstances that the court held that the notice failed to comply with the directions of the statute. The notice of lien herein was filed August 5, 1890. The complaint was served on the defendant Kimball, September 8, 1890. Thereafter, and on October 3, 1890, an order was made by the supreme court discharging plaintiff's lien, on the ground that the owners had given a bond, under section 24 of the lien law, for the payment of any judgment that might be rendered in proceedings to foreclose said lien. The learned counsel for the appellant now contends that, the lien having been thus discharged, the judgment entered herein for a foreclosure and sale of the premises is void, and should be set aside. We have grave doubts as to whether the order to discharge the lien was properly made. Section 24 of the lien law, subd. 6, after prescribing the nature and form of the bond to be given to discharge a lien, provides that a copy of the bond, with a notice of the justification of the sureties, must be served on the claimant or his attorney, and that, "upon the approval of said bond by the court or a judge thereof, an order discharging such lien may be made." While the bond given appears in the printed case, there is nothing to show the service of a copy of it on the claimant with a notice of justification, or that the bond was ever approved.

Passing this point, however, it is to be noted that the order discharging the bond was made after Kimball had served his answer to the complaint, praying, *inter alia*, for a foreclosure and sale of the premises. Defendant might have applied for leave to serve a supplemental answer setting up the discharge of the lien, but he failed to do so. Neither was any request submitted by defendant to the learned trial judge requesting him to find that the lien had been discharged by filing a bond. We think that the better practice would have been, on its being shown that the lien had been discharged by the filing of a bond, to have so rendered judgment as to protect the rights of the plaintiff under the somewhat peculiar wording of the condition of the bond as required by the statute. The learned counsel for the respondent consented, on the argument of this appeal, that the judgment should be so modified. We are accordingly of the opinion that the judgment should be so modified as to strike out of the judgment the provision for a sale of the premises, and preserve the plaintiff's rights, as determined by the learned trial judge, against defendant and the sureties on the bond, and, as so modified, should be affirmed, with costs. Order modifying judgment to be settled, on two days' notice, before Judge OSBORNE.