Order of Special Term reversed; motion to vacate judgment denied; defendant directed to make good his execution out of property of John W. Post, plaintiff; if such property is insufficient then plaintiffs' attorneys are ordered to pay the same; ten dollars costs of motion and printing and other disbursements for both parties to be paid by plaintiffs' attorneys.

---

CHARLES L. BLAKESLEE, APPELLANT, v. SAMUEL T. FISHER, RESPONDENT, IMPLEADED WITH MICHAEL H. FARREN.

*Building contract — mechanic's lien of material-man — application of balance of contract-price in the case of the contractor's default.*

Where a building contract provides that the owner may complete the work on the contractor's default and deduct the expense from the amount named in the contract, and the owner does complete the work accordingly, and there is a balance left of the amount named in the contract, over and above the cost of completion by the owner, or if the owner does not complete the work, and

there would be a balance left after deducting what it would cost to complete the work, such balance will be subject to a mechanic's lien in favor of a material-man.

Where a building contract provided that the owner might request additions to or omissions from the work, and that the same should not affect the contract, but should be added to or deducted from the amount of the contract as the case might be:

*Held*, that the value of extra work done was money due the contractor over and above all payments made, and over and above all deductions to be made on account of work omitted to be done, whether with or without the consent of the owner, and was applicable in satisfaction of the lien of a material-man.

APPEAL by the plaintiff Charles L. Blakeslee from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 2d day of November, 1891, on the report of a referee dismissing the plaintiff's complaint upon the merits, as against the defendant Samuel T. Fisher, with costs.

The action was brought for the foreclosure of a mechanic's lien filed by the plaintiff for materials, amounting in value to $204.32, furnished by him to the defendant Michael H. Farren for, and used in a building on the premises of the defendant Samuel T. Fisher, which Farren had contracted to build for Fisher for a stipulated amount.

The issue presented by the answer of the defendant Fisher, the owner, was sent for trial to a referee, who found, among other things, that the defendant Farren did not substantially perform said contract, and that such non-performance was not consented to by the defendant Fisher, and that the defendant Fisher did not waive such performance, and directed judgment for the defendant Fisher dismissing the complaint, as to him, on the merits, with costs, to be paid by the plaintiff, and decided that the plaintiff is entitled to judgment herein against the defendant Farren for the sum of $204.32, with interest thereon from the 24th day of July, 1889, amounting in all to the sum of $231, with costs, to be paid by the defendant Michael H. Farren.

The building contract between the defendants, Fisher and Farren, contained the following provision : " Should the contractor, at any time during the progress of the said works, refuse or neglect to supply a sufficiency of materials or workmen, the owner shall have the power to provide materials and workmen, after three days' notice in

writing being given, to finish the said works, and the expense shall be deducted from the amount of the contract."

*Louis W. Pratt*, for the appellant.

*Edward W. Nugent*, for the respondent.

HERRICK, J.:

I think the referee erred in his conclusion in this case. Under the contract the owner could go on and complete the work if the contractor refused or neglected to do so, and deduct the expenses from the amount of the contract.

If, after doing so, there is a balance left, or if the owner does not choose so to do, and then, after deducting what it would cost to complete the work from the contract-price there is a balance left, I think the lienor is entitled to that balance. (*Wright* v. *Roberts*, 43 Hun, 413; affirmed, without opinion, in 118 N. Y., 672; *Foshay* v. *Robinson*, 43 N. Y. St. Rep., 20; *Graf* v. *Cunningham*, 109 N. Y., 369; *Van Clief* v. *Van Vechten*, 130 id., 571–581.)

The last case was one where the owner had gone on and completed the contract upon the default of the contractor, and the court said: "The difference between the sum thus expended and the aggregate amount unpaid on the contract with Smalle upon the completion of the entire work, became due under the contract; to the extent of that sum, being the difference between $2,023 and $1,905.20, the lien of the plaintiffs attached, and they are entitled to a foreclosure for that amount."

In *Larkin* v. *McMullen* (120 N. Y., 206), and *Hollister* v. *Mott* (132 N. Y., 18), there was not a substantial compliance with the contracts, and neither was there any provision in the contracts by which the owners could complete the contracts in case of the contractors' default, and in those respects the cases are distinguished from those heretofore cited, the principles of which are recognized in both the Larkin and Hollister cases.

In the case before us, as we have seen, there was an express provision allowing the owner to complete the work, in case of the contractor's default, and deduct the expense from the contract; the plain inference from that, it seems to me, is, that after making such deduction the balance, if any, would be payable to the contractor.

The fact that the owner has not seen fit to exercise his option to go on and do what he claims the contractor refused or neglected to do, seems to me to make no difference in principle, where the expense of doing the things not done can be ascertained. In this case the referee has found the specific things that the contractor refused or neglected to do, and the cost or expense of each item, and after deducting such cost or expense from the contract-price there is a balance left, and to that balance I think, under the principles of all the cases hereinbefore referred to, the plaintiff is entitled.

There is also another aspect of the case under which I think the plaintiff is entitled to recover.

The referee has found that the plaintiff has not substantially performed his contract, a conclusion in which I cannot concur, but which I will not discuss, but assume to have been correctly found : and the final decision arrived at by him is based upon that conclusion, that the contract not being performed by the contractor, there is nothing due him from the owner, and that there being nothing due the contractor, there is nothing to which the lien can attach.

The contract-price was $2,700. The referee has found that $2,509 was paid upon the contract. That, by consent of the owner, work amounting to the sum of $102.69 has not been performed by the contractor, and that work amounting to the sum of fifty-nine dollars, and twenty-five cents has been left unperformed without the consent of the owner.

The referee has also found that the contractor has performed extra work to the amount of $235.99. The contract contained this provision as to extra work : " Should the owner, at any time during the progress of the said building, request any alterations, deviations, additions or omissions from the said contract, he shall be at liberty to do so, and the same shall in no way affect or make void the contract, but will be added or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation."

An almost identical provision in a contract was passed upon in *Garnsey* v. *Rhodes* (45 N.Y. St. Rep., 145), and it was there held that the contractor could recover the value of the extra work, although he had not completed the contract according to its terms.

The amount of the extra work is money due the contractor. (*Woodward* v. *Fuller*, 80 N. Y., 312.) In this case it is money due

over and above all payments made, and over and above all deductions to be made on account of work omitted to be done, both with and without the consent of the owner; and it is money that can be and should be applied in satisfaction of the lien.

For these reasons the judgment should be reversed, the referee discharged and a new trial granted, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed, new trial ordered, referee discharged, costs to abide event.